Thomas F. Wood, Esq. Town Attorney, Cortlandt
You have asked whether the offices of town justice and attorney for a town are compatible. You informed us that the town board desires to enter into a contract with the person serving as town justice for provision of legal services to the town. Under the contract, the individual will not be required to appear in the town justice court on behalf of the town in any capacity.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The Rules of Judicial Conduct provide that a part-time judge may not participate directly or indirectly as a lawyer in any contested action or proceeding in the court in which he or she serves (22 NYCRR 25.40[c]). Thus, a town justice is prohibited from prosecuting violations of town regulations in town court even if another town justice hears the case. (Fines for violations of local regulations may be enforced in justice court [Uniform Justice Court Act, § 202].)
Further, this individual could not as town justice preside over actions involving the violation of town regulations (Code of Judicial Conduct, Canon 3-C[1]). A judge should disqualify him or herself in any proceeding where his impartiality might reasonably be questioned, including instances where he has a personal bias or prejudice concerning a party (ibid.).
A municipal attorney, whose office has no responsibility for the prosecution of violations of local regulations and where other justices are available to preside over these matters, may also serve as a local court judge (1982 Op Atty Gen [Inf] 138).
We conclude that a town attorney may not also serve as a town court justice unless his office does not represent the town in that court and there are other justices to hear matters affecting the town.